IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| REGINA A.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:22-cv-00099-IM<br><br>**OPINION AND ORDER** |

Kevin S. Kerr, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; John Drenning, Special Assistant United States Attorney, Office of General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Regina A. seeks review under 42 U.S.C. § 405(g) of a final decision of the

Commissioner of Social Security ("Commissioner") denying her application for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act. For the following reasons, the

Commissioner's decision is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is "susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born on June 23, 1994. AR 105. She has a high school diploma and past relevant work as a telephone answer clerk, a lead teller, an assistant manager, and a stock clerk. AR 62, 231. On September 24, 2018, Plaintiff filed for a period of disability and disability insurance

PAGE 2 – OPINION AND ORDER

benefits, alleging disability since August 20, 2018. AR 105–06. Plaintiff later amended her alleged

onset date to February 5, 2019. AR 77. Plaintiff alleged disability due to chronic migraines,

depression, and anxiety. AR 106

Plaintiff's application was denied initially and upon reconsideration. AR 51. Plaintiff

requested a hearing. AR 51. On September 23, 2020, Plaintiff appeared by telephone[2] with counsel

at a hearing before Administrative Law Judge ("ALJ") Cynthia Rosa. AR 70–104.

On December 8, 2020, the ALJ issued a decision finding that Plaintiff had not been "under a

disability within the meaning of the Social Security Act" since February 5, 2019, the amended

alleged onset date. AR 51–64. On November 18, 2021, the Appeals Council denied Plaintiff's

request for review, thereby making the ALJ's decision the Commissioner's final administrative

decision in this case. AR 1–4. Plaintiff now seeks review of the Commissioner's decision.

## B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

"Social Security Regulations set out a five-step sequential process for determining whether an

applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec.*

*Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI);

*Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of

questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
      §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving

---

[2] Plaintiff objected to a video hearing and asked for an in-person hearing. AR 172. Due to the extraordinary
circumstances of the COVID-19 pandemic, an in-person hearing was not possible, and Plaintiff agreed to a telephonic
hearing. AR 72–73. The Court hopes that, upon remand, Plaintiff is able to attend a hearing in person.

significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

PAGE 4 – OPINION AND ORDER

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 146, n.5. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1098, 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. AR 53. At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 5, 2019, the amended alleged onset date. AR 53. The ALJ found at step two that Plaintiff "has the following severe impairments: migraines; Cervical Facet Syndrome." AR 54. The ALJ concluded at step three that none of Plaintiff's impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19. The ALJ further found that Plaintiff

> has the residual functional capacity to perform light work as
> defined in 20 CFR 404.1567(b) except she can occasionally climb
> ramps and stairs, but never ropes, ladders or scaffolds; she can
> occasionally balance, stoop, crouch, crawl and kneel; she can do
> frequent overhead reaching bilaterally; she can have occasional
> exposure to extremes of cold and hot, fumes, gases, dust, odors,
> and other pulmonary irritants; she can have occasional contact with
> workplace hazards; she should have no exposure to noise above a

PAGE 5 – OPINION AND ORDER

moderate level or to lights above a moderate/office level.

AR 56–57. At step four, the ALJ determined that Plaintiff is able to perform past relevant work as a telephone answer clerk, a lead teller, and an assistant manager. AR 62. The ALJ also made alternative findings at step five, that Plaintiff can perform other jobs that exist in significant numbers in the national economy, such as basket filler, garment sorter, and table worker. AR 63. As a result, the ALJ found Plaintiff not disabled.

## DISCUSSION

### A.  The ALJ Erred When Considering Plaintiff's Subjective Symptom Testimony

Plaintiff first argues that the ALJ erred in discounting her subjective symptom testimony. The Court agrees.

### 1.  Legal standards

There is a  two-step process used in the Ninth Circuit for evaluating a claimant's testimony about the severity and effect of the claimant's symptoms. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir.  2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, "if the [plaintiff] meets this first test, and there is no evidence of malingering, 'the ALJ can reject the [plaintiff's] testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036

PAGE 6 – OPINION AND ORDER

(quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

The ALJ's evaluation of a claimant's subjective symptom testimony may be upheld overall even if not all of the ALJ's reasons for rejecting the testimony are upheld. *See Batson*, 359 F.3d at 1197. Even still, the ALJ may not reject testimony "solely because" the claimant's symptom testimony "is not substantiated by objective medical evidence." *Robbins*, 466 F.3d at 883.

### 2.  Analysis

Plaintiff experienced a traumatic brain injury as a child and now suffers from intractable migraines that have gotten worse over the years. AR 234. Plaintiff testified that she has severe phonophobia and photophobia, as well as occasional nausea and vomiting.[3] AR 87. At home, Plaintiff spends time in a dark room with the windows blacked out. AR 87. She wears special sunglasses and a hat when she leaves the house. AR 88. Plaintiff testified that she is sensitive to most sounds and has to go in another room if her brother is talking with someone. AR 88-89. She carries earplugs with her when she leaves the house. AR 89. Plaintiff stated that her pain is exacerbated by stress and difficult emotions and ameliorated by being in the dark and playing video games. AR 1171.

The ALJ found Plaintiff's statements "not entirely consistent with the medical evidence and

---

[3] To the extent that Plaintiff argues that the ALJ erred at step two by not finding Plaintiff's nausea and vomiting severe, such error is harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017).

PAGE 7 – OPINION AND ORDER

other evidence in the record." AR 58. Specifically, the ALJ cited improvement with treatment, inconsistency with Plaintiff's activities of daily living, and inconsistency with medical evidence. AR 58-59. Regarding Plaintiff's severe light and noise sensitivity, this finding is not supported by substantial evidence. In crafting the RFC, the ALJ "incorporate[d] environmental restrictions to address noise, light, hazards, temperature extremes, and odors." AR 61. However, while Plaintiff reports severe light and noise sensitivity, the ALJ merely limited her to moderate light and noise exposure. The ALJ failed to explain why she discredited that part of Plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error.").

The ALJ cited to notes from Henry Lauer, MSW that showed marginal improvement in Plaintiff's pain and level of functioning. AR 59. In January 2020, Plaintiff reported to Mr. Lauer that her pain had improved but then increased again. AR 1178. Mr. Lauer noted that Plaintiff was showing gradual progress. AR 1179. In April 2020, Mr. Lauer noted Plaintiff's progress in applying positive cognitive strategies. AR 1183. Plaintiff reported that her pain was down to a five to seven out of ten. AR 1184. In May 2020, Plaintiff again reported that her symptoms improved but then declined again. AR 1186-87. Even during these periods of improvement, Plaintiff continued to experience extreme photophobia and phonophobia. When Plaintiff was seen in person, medical providers noted her sensitivity to light and sound. AR 924, 972, 978, 990. Plaintiff wore sunglasses to all medical appointments and usually asked to be seen in a dark room. *E.g.* AR 908, 916, 1010, 1022, 1060, 1068, 1072, 1097, 1174. During telemedicine appointments, Plaintiff was in a dark room, with only the light from the computer screen. AR 1022, 1034, 1176, 1183, 1185. The ALJ failed to address how any minimal improvement in pain contradicted Plaintiff's testimony regarding noise and light sensitivity.

The ALJ also cited to Plaintiff's activities of daily living – using Facebook, playing video games, and shopping in person – as grounds for discounting Plaintiff's testimony. AR 58. Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict their testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Here, the ALJ does not explain how Plaintiff's activities of daily living, especially as performed, contradict her testimony regarding light and noise sensitivity. In her function report, Plaintiff stated that video games helped distract her from her pain, but that she could not play a lot of games because they cause eyestrain. AR 265. Plaintiff testified that she mainly plays static screen games with the brightness turned down. AR 90. When at home, Plaintiff sits in a dark and quiet room; she wears sunglasses, a hat, and earplugs when she leaves the house. AR 87-89.

The ALJ cited extensively to Plaintiff's medical records but did not identify any medical evidence that contradicts Plaintiff's testimony regarding severe photophobia and phonophobia. The ALJ cited to Plaintiff's "various attempts to treat headaches with medications" and noted that Plaintiff wore dark glasses during exams. AR 58. The ALJ acknowledged Plaintiff's report that "smell, light, sound, and hormones could trigger her headaches." AR 59.

Because the ALJ failed to directly address Plaintiff's testimony regarding severe light and noise sensitivity, she did not provide clear and convincing reasons for discrediting that part of Plaintiff's testimony.

**B.  Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff then argues that the ALJ erred by finding unpersuasive the opinion of Dr. Nicholas Olney, Plaintiff's treating neurologist. Here the Court finds no error.

### 1.  Legal standards

For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c

governs how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). To that end, there is no longer any inherent extra weight given to the opinions of treating physicians. Instead, the ALJ considers the "supportability" and "consistency" of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are. *Id.* §§ 404.1520c(c), 416.920c(c). The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* §§ 404.1520c(b), 416.920c(b). The ALJs are not required to explain how they considered other secondary medical factors, unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* §§ 404.1520c(b)(3); 416.920c(b)(3).

Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . the more persuasive the medical opinion[] . . . will be." 20 C.F.R. §§404.1520c(c)(1); 416.920c(c)(1). Likewise, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the opinion[] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

### 2. Analysis

In an August 2020 questionnaire, Dr. Olney opined that Plaintiff's headaches, sinus pain, nausea, and vomiting would cause her to be absent from work more than four days a month. AR 1102-05. He opined that Plaintiff's headaches would prevent her from performing even basic work duties and that she would need additional breaks to lie down. AR 1102-05. Dr. Olney

PAGE 10 – OPINION AND ORDER

recommended a flexible schedule. AR 1102-05.

The ALJ acknowledged that Dr. Olney's opinion was supported by Plaintiff's symptoms but overall found the extreme limitations inconsistent with the record. AR 61. The ALJ cited Plaintiff's recent improvement in pain levels, as seen in Mr. Lauer's notes. *See, e.g.*, AR 1179, 1180, 1183, 1186. The ALJ also cited Plaintiff's ability to concentrate for one to two hours at a time. *See* AR 266. Finally, the ALJ cited to Plaintiff's function report, in which Plaintiff stated that she handles stress a little better than average and that she adapts quickly to changes in routine. AR 267. The ALJ's finding here is supported by substantial evidence.

### C.  The Proper Remedy

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099– 1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings and the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence

PAGE 11 – OPINION AND ORDER

credited. *Id.* (citation omitted). The second and third prongs of the test often merge into a single question: whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.7 (citations omitted).

Here, the ALJ erred in discrediting Plaintiff's testimony regarding light and sound sensitivity without providing clear and convincing reasons for doing so. Accordingly, the Court reverses and remands this matter for further administrative proceedings to properly consider the severity of Plaintiff's light and noise sensitivity.

## CONCLUSION

The Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 25th day of September, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge